UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN LINDEMANN, | ) Case No. CV 16-7597-JPR |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM DECISION AND ORDER** |
| | ) **AFFIRMING COMMISSIONER** |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

**I. PROCEEDINGS**

Plaintiff seeks review of the Commissioner's final decision denying his applications for Social Security disability insurance benefits ("DIB") and supplemental security income benefits ("SSI"). The parties consented to the jurisdiction of the undersigned U.S. Magistrate Judge under 28 U.S.C. § 636(c). The matter is before the Court on the parties' Joint Stipulation, filed May 30, 2017, which the Court has taken under submission without oral argument. For the reasons stated below, the Commissioner's decision is affirmed.

## II. BACKGROUND

Plaintiff was born in 1966. (Administrative Record ("AR") 56.) He completed 10th grade (AR 45, 352), received his GED in jail (id.), and worked as a care provider and pipe cutter (AR 66-67, 290-92).

On April 1, 2015, Plaintiff filed an application for DIB (AR 69), and on April 18 he filed one for SSI (AR 83). In both applications, Plaintiff alleged that he had been unable to work since March 25, 2015, because of skin cancer, bipolar disorder, anxiety, and a torn rotator cuff in his right shoulder.[1] (AR 60, 74.) After his applications were denied initially (AR 56-83) and on reconsideration (AR 84-113), he requested a hearing before an Administrative Law Judge (AR 128). A hearing was held on June 13, 2016, at which Plaintiff, who was represented by counsel, testified, as did a vocational expert. (AR 42-55.) In a written decision issued June 27, 2016, the ALJ found Plaintiff not disabled. (AR 7-20.) Plaintiff requested review from the Appeals Council, and on August 17, 2016, it denied review. (AR 1-3.) This action followed.

## III. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free of legal error and supported by substantial evidence based on the record as a whole. See id.; Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra

---

[1] Although they were not listed in his initial applications, Plaintiff also complained of neck pain and depression. (AR 44-46, 63, 85.) Those complaints were considered on initial review and reconsideration. (AR 63, 85, 92, 107.)

v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for the Commissioner's. Id. at 720-21.

**IV. THE EVALUATION OF DISABILITY**

People are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or has lasted, or is expected to last, for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A); Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992).

A. The Five-Step Evaluation Process

The ALJ follows a five-step sequential evaluation process to assess whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995) (as amended Apr. 9, 1996). In the first step, the Commissioner must determine whether the claimant is

currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim must be denied. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

If the claimant is not engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting his ability to do basic work activities; if not, the claimant is not disabled and his claim must be denied. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments set forth at 20 C.F.R. part 404, subpart P, appendix 1; if so, disability is conclusively presumed. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient residual functional capacity ("RFC")[2] to perform his past work; if so, he is not disabled and the claim must be denied. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). The claimant has the burden of proving he is unable to perform past relevant work. Drouin, 966 F.2d at 1257. If the claimant meets that burden, a prima facie case of disability is established. Id.

---

[2] RFC is what a claimant can do despite existing exertional and nonexertional limitations. §§ 404.1545, 416.945; see Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

4

If that happens or if the claimant has no past relevant work, the Commissioner then bears the burden of establishing that the claimant is not disabled because he can perform other substantial gainful work available in the national economy. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); Drouin, 966 F.2d at 1257. That determination comprises the fifth and final step in the sequential analysis. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); Lester, 81 F.3d at 828 n.5; Drouin, 966 F.2d at 1257.

B. The ALJ's Application of the Five-Step Process

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 25, 2015, the alleged onset date. (AR 12.) At step two, he concluded that Plaintiff had severe impairments of "tendinosis of bilateral shoulders" and "degenerative disc disease of the cervical spine." (Id.) At step three, he determined that Plaintiff's impairments did not meet or equal a listing. (AR 15.)

At step four, the ALJ found that Plaintiff had the RFC to perform light work[3] with the following limitations:

> [H]e can occasionally crawl; he can frequently climb ramps and stairs, balance, stoop, kneel, and crouch; he can occasionally reach and handle with the bilateral upper extremities; he can frequently feel and finger; he

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." §§ 404.1567(b), 416.967(b). "Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." Id. If someone can do light work, then "she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." Id.

5

must not work at top rungs of ladders; he must not keep
            his head and neck in a fixed position for extended
            periods, such as working with a computer; and he must not
            look up and down or side to side repetitively, such as
            judging a tennis match.
(Id.)

The ALJ concluded that Plaintiff had no past relevant work. (AR 19.) At step five, he relied on the VE's testimony to find that given Plaintiff's age, education, work experience, and RFC, he could "perform the requirements of representative occupations such as surveillance monitor, DOT 379.367-010,[4] a sedentary, unskilled (SVP 2) occupation with 826,000 such positions in the national economy." (AR 19-20.) Accordingly, he found Plaintiff not disabled. (AR 20.)

**V. PLAINTIFF HAS WAIVED THE SOLE ISSUE HE RAISES ON APPEAL,[5] AND NO MANIFEST INJUSTICE WILL RESULT IF THE COURT DOES NOT CONSIDER IT**

Plaintiff contends that the ALJ erred in failing to resolve an apparent conflict between the VE's testimony and the Dictionary of Occupational Titles ("DOT"). (J. Stip. at 3-5.) He argues that the VE's testimony that a person with his RFC could perform the job of surveillance-system monitor is

---

[4] The actual job title listed as DOT 379.367-010 is "surveillance-system monitor." 1991 WL 673244.

[5] Plaintiff has actually "forfeited" the issue rather than "waived" it. See United States v. Scott, 705 F.3d 410, 415 (9th Cir. 2012) ("Waiver is 'the intentional relinquishment or abandonment of a known right,' whereas forfeiture is 'the failure to make the timely assertion of [that] right.'" (citation omitted)). But because most of the analogous cases refer to a "waiver rule," the Court will too.

6

inconsistent with the DOT because the "chief work duty" of a surveillance-system monitor, as defined by DOT 379.367-010, 1991 WL 673244, involves "prolonged looking at screens," and his RFC states that "he must not keep his head and neck in a fixed position for extended periods [of time], such as working with a computer." (J. Stip. at 4-5 (citation omitted).) The DOT describes the duties of the surveillance-system-monitor position as follows:

> Monitors premises of public transportation terminals to detect crimes or disturbances, using closed circuit television monitors, and notifies authorities by telephone of need for corrective action: Observes television screens that transmit in sequence views of transportation facility sites. Pushes hold button to maintain surveillance of location where incident is developing, and telephones police or other designated agency to notify authorities of location of disruptive activity. Adjusts monitor controls when required to improve reception, and notifies repair service of equipment malfunctions.

DOT 379.367-010, 1991 WL 673244.

Plaintiff did not raise this issue at the hearing or even hint at it. (See generally AR 42-54.) After the VE testified, the ALJ gave Plaintiff's counsel the opportunity to question her, and he declined. (AR 54.) Nor did counsel specifically raise this issue on appeal. (See AR 5 (cited reason in request for review of ALJ's decision only that he "disagree[d] with the decision").) He also has not even addressed Defendant's waiver

argument (see J. Stip. at 6) in his reply (see id. at 8). Accordingly, Plaintiff has waived the right to raise this issue in federal court unless manifest injustice would result. See Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir. 1999) (as amended) (reviewing court need not address issues not raised before ALJ or Appeals Council unless manifest injustice would result); see also Phillips v. Colvin, 593 F. App'x 683, 684 (9th Cir. 2015) ("This issue was waived by [claimant]'s failure to raise it at the administrative level when he was represented by counsel, and [claimant] has not demonstrated manifest injustice excusing the failure."); Solorzano v. Astrue, No. ED CV 11-369-PJW, 2012 WL 84527, at *6 (C.D. Cal. Jan. 10, 2012) ("Counsel are not supposed to be potted plants at administrative hearings. They have an obligation to take an active role and to raise issues that may impact the ALJ's decision while the hearing is proceeding so that they can be addressed.").[6]

No manifest injustice would result here because Plaintiff's RFC is not directly or obviously inconsistent with the surveillance-system-monitor job description in the DOT. See Sanchez v. Berryhill, No. 1:15-cv-00510-EPG, 2017 WL 1709326, at *3 (E.D. Cal. May 3, 2017) ("A 'manifest injustice' is defined as

---

[6] Meanel was decided in 1999. In 2000, the Supreme Court held that a plaintiff does not forfeit a claim simply by failing to raise it before the Appeals Council. Sims v. Apfel, 530 U.S. 103, 108 (2000) (holding that claims need not be raised before Appeals Council to be exhausted). But Sims expressly declined to decide whether a claim would be forfeited if the claimant also neglected to raise it before the ALJ. See id. at 107 ("Whether a claimant must exhaust issues before the ALJ is not before us."). Thus, Sims did not overrule Meanel, which this Court remains bound by.

'an error in the trial court that is direct, obvious, and observable[.]'" (citation omitted)); see, e.g., Simpson v. Colvin, No. SACV 15-01122-DTB, 2016 WL 3091487, at *1-2 (C.D. Cal. May 31, 2016) (finding no manifest injustice in waiver when represented plaintiff failed to raise issue of conflict between RFC and DOT at ALJ hearing and in request for review from Appeals Council), appeal docketed, No. 16-55964 (9th Cir. July 6, 2016); Goodman v. Colvin, No. CV-15-00807-PHX-JAT, 2016 WL 4190738, at *17-18 (D. Ariz. Aug. 9, 2016) (no manifest injustice in waiver when plaintiff failed to question VE about possible conflicts between RFC limitations and DOT); cf. Jones v. Colvin, No.: 2:15-cv-09489 KS, 2016 WL 4059624, at *3 & n.2 (C.D. Cal. July 27, 2016) (finding manifest injustice when ALJ failed to reconcile RFC with DOT job description because Ninth Circuit had directly held that "'there is an apparent conflict between the [RFC] to perform simple, repetitive tasks and the demands of Level Three Reasoning'" (citation omitted)).

Because it is not obvious that "using closed circuit television monitors" and "observ[ing] television screens" would require an individual to "keep his head and neck in a fixed position for extended periods," no manifest injustice will result from finding waiver. Indeed, the DOT description includes several duties unrelated to observing and using screens, such as "monitor[ing] premises of public transportation terminals to detect crimes or disturbances" and "notif[ying] authorities by telephone of need for corrective action." See DOT 379.367-010, 1991 WL 673244. Moreover, as the Commissioner points out, surveillance-system monitors typically look at "multiple"

screens; they do not necessarily hold their head or neck in a fixed position for an extended period of time.[7] (See J. Stip. at 7.) Finally, Plaintiff himself testified that he was able to watch television for up to two hours at a time (AR 52), indicating that he can perform the duties of the surveillance-system-monitor job. As such, unlike in Jones, failure to address this otherwise waived issue would not amount to manifest injustice because no direct, obvious, or observable conflict between Plaintiff's RFC and the DOT exists, and the Ninth Circuit has certainly not indicated otherwise. See Jones, 2016 WL 4059624, at *3 n.2.

Accordingly, Plaintiff has waived the only issue he raises on appeal.

**VI. CONCLUSION**

Consistent with the foregoing and under sentence four of 42 U.S.C. § 405(g),[8] IT IS ORDERED that judgment be entered

---

[7] Similarly, no obvious or apparent conflict exists between the DOT's description of looking at multiple screens and Plaintiff's restriction on "repetitive looking up or down, or right to left." (AR 54.) Moving the head out of a fixed position at one screen to look at others does not equate to the constant side-to-side and up-and-down movement that would be required of someone "judging a tennis match," as the ALJ described Plaintiff's limitation. (AR 15.) Indeed, Plaintiff does not even argue the point. (See generally J. Stip. at 3-5.)

[8] That sentence provides: "The [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

10

AFFIRMING the decision of the Commissioner, DENYING Plaintiff's request for remand, and DISMISSING this action with prejudice.

DATED: July 12, 2017

_____
JEAN ROSENBLUTH,
U.S. Magistrate Judge